IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jarode Devon Witherspoon, ) | CIVIL ACTION NO. 9:17-0106-MGL-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| NFN Marshal, Food Services; Nurse Jones, ) | |
| Health Heart; and Sgt. V. Harris, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This action has been filed by the Plaintiff, pro se. Plaintiff, a frequent filer of litigation in this Court, alleges violations of his constitutional rights by the named Defendants.

By Order dated April 3, 2017, Plaintiff was given an opportunity to provide the necessary information and paperwork to bring the case into proper form for evaluation and possible service of process, including a properly completed and signed complaint. Plaintiff was also specifically warned that failure to comply with the Court's Order or provide the necessary information within the timetable set forth in the Order would subject the case to dismissal. Plaintiff thereafter requested an extension of time to comply with the Court's Order, which was granted by Order filed April 26, 2017. Plaintiff was granted to May 24, 2017 to provide the necessary materials and signed Complaint. Plaintiff was also again cautioned that if he failed to comply, a recommendation for dismissal of his case would be entered. See also, e.g. Brockington v. South Carolina Dept. of Social Service, No. 17-1028, 2017 WL 1531633 (4th Cir. April 28, 2017) [Noting that pro se Plaintiff should be provided an opportunity to amend his complaint to cure defects prior



to a dismissal]; Evans v. Richardson, No. 17-1144, 2017 WL 2294447 (4th Cir. May 25, 2017) [same]; Breyan v. All Medical Staff, No. 17-6186, 2017 WL 2365232 (4th Cir. May 31, 2017) [same].

Plaintiff thereafter filed some partially completed forms, out of time, but failed to otherwise comply with the instructions set forth in the proper form order. The time to bring this case into proper form has now lapsed. Based on the foregoing, it is recommended that this action be **dismissed**, **without prejudice**, in accordance with Rule 41, Fed.R.Civ.P. See Link v. Wabash R.R. Co., 370 U.S. 626 (1962); Ballard v. Carlson, 882 F.2d 93, 95-96 (4th Cir. 1989), cert. denied sub nom, Ballard v. Volunteers of America, 493 U.S. 1084 (1990) [holding that district court's dismissal following an explicit and reasonable warning was not an abuse of discretion].

**The Clerk shall mail this Report and Recommendation to Plaintiff at his last known address. If the Plaintiff satisfies the requirements for proceeding with this case as is set forth in the proper form Order within the time set forth for filing objections to this Report and Recommendation, the Clerk is directed to vacate this Report and Recommendation and return this file to the undersigned for further handling.** Brockington, 2017 WL 1531633. However, if Plaintiff fails to do so, then at the end of the time for filing objections, the Clerk shall forward this Report and Recommendation to the District Judge for disposition. Ballard v. Carlson, 882 F.2d at 95 [Magistrate Judge's prior explicit warning that a recommendation of dismissal would result from plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when plaintiff did not comply despite warning].[1]

---

[1]After a litigant has received one explicit warning as to the consequences of failing to timely comply with an order of a Magistrate Judge, and has failed to respond to that order, the district court may, under Fed.R.Civ.P. 41(b), dismiss the complaint based upon the litigant's failure to comply with that court order. See Simpson v. Welch, 900 F.2d 33, 35-36 (4th Cir.1990); see also Ballard, 882 F.2d at 95-96 [holding that district court's dismissal following an explicit and reasonable



The parties are also referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

June 19, 2017
Charleston, South Carolina

---

warning was not an abuse of discretion].



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).